# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Biosoft (Australia) Pty Ltd., a proprietary limited company

**DEFENDANTS**
Exotropin, LLC, a Delaware Corporation, and DOES 1-5

**(b)** County of Residence of First Listed Plaintiff: Australia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Grant R. Clayton
Clayton Howarth, P.C.
P.O. Box 1909, Sandy, Utah 84091    (801)255-5335

Attorneys *(If Known)*
Meredith Frank Mendez
Malloy & Malloy, P.C.
6751 N. Federal Hwy., Suite 300, Boca Raton, Florida 33487

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [x] 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | **IMMIGRATION** |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 462 Naturalization Application |  |  |
|  | 555 Prison Condition | 465 Other Immigration Actions |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331, 1338 & 15 USC 1114, 1125

Brief description of cause:
Non infringement of a trademark

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: January 8, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Grant R. Clayton

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](#).

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

GRANT R. CLAYTON (Utah State Bar No. 4552)
DANIEL J. THOMAS (Utah State Bar No. 17641)
**CLAYTON HOWARTH, P.C.**
6975 Union Park Avenue, Suite 600
Cottonwood Heights, Utah  84047
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335

Attorneys for Plaintiff,
Biosoft (Australia) Pty Ltd.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIOSOFT (AUSTRALIA) PTY LTD., a proprietary limited company, | |
| | Case No.: 2:25-cv-00016-DBP |
| Plaintiff, | |
| | **COMPLAINT FOR** |
| vs. | **DECLARATORY JUDGMENT** |
| EXOTROPIN, LLC, a Delaware Corporation, and DOES 1-5, | Judge: Dustin B. Pead |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Biosoft (Australia) Pty Ltd ("Biosoft" or "Plaintiff"), by and through its undersigned attorneys, brings this Complaint for Declaratory Judgment against Exotropin, LLC ("Exotropin") and Does 1-5, (collectively, "Defendants"), and alleges as follows:

1

## PARTIES

1. Plaintiff: Biosoft (Australia) Pty Ltd. ("Biosoft") is a proprietary limited company organized under the laws of Australia with its principal place of business at 56 Myoora Road, Terrey Hills, NSW, Australia 2084. Biosoft engages in the development, marketing, and sale of skincare products, including products under marks including "EXO SKIN."

2. Upon information and belief, Exotropin, LLC is a Delaware Corporation with its principal place of business at 1180 Avenue of the Americas, 8th Floor, New York, New York 10036, that sells skincare products from a retail location within the state of Utah and through internet marketing accessible to consumers in Utah, under trademarks including "EXOCEUTICALS," "EXO SKIN SIMPLE," "EXO BODY," "EXO SUN," "EXO H-SERUM," "EXO C-SERUM," "EXO PLUS," "EXO MEN," and "EXO FACE," having a retail location identified as Cenegenics Park City, located at 1441 W Ute Blvd, #160, Park City, Utah.

3. Upon information and belief, Defendants Does are believed to be individuals, corporations or other business entities having an potential interest in and to the marks "EXOCEUTICALS," "EXO SKIN SIMPLE," "EXO BODY," "EXO SUN," "EXO H-SERUM," "EXO C-SERUM," "EXO PLUS," "EXO MEN," "EXO FACE," and "EXO SKIN."

## JURISDICTION AND VENUE

4. This cause of action is for a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the use of the trademark EXO SKIN by Plaintiff on its packaging and in advertising or promotion of its products does not infringe any rights possessed by Defendants, and particularly, Defendant Exotropin, LLC, and does not constitute infringement of a registered mark under the

Lanham Act § 32, 15 U.S.C. § 1114, or an unregistered mark under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

5. Subject matter jurisdiction for this declaratory judgment action lies under 28 U.S.C. §§ 1331 and 1338. Further, this action relates to non-infringement of a registered mark under 15 U.S.C. § 1114, and non-infringement of an unregistered mark under 15 U.S.C. § 1125(a) and, therefore, this Court has jurisdiction pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over any remaining claims pursuant to 15 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC sells products through the internet, accessible to Utah residents and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH CODE ANN. § 78B-3-205(1) and has had continuous and systematic contact with the state of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

7. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC directed a cease-and-desist letter to Biosoft's Utah-based attorney on September 27, 2024, alleging trademark infringement and demanding that Biosoft cease all use of the "EXO SKIN" mark and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH CODE ANN. § 78B-3-205(1), (3) and has otherwise had continuous and systematic contact with the State of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2),(3).

8. This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant Exotropin, LLC has a retail location in Park City, Utah, and Defendants have directly, or contracting to supply goods through agents, transacted business and sold their products within the State of Utah and therefore submitted to jurisdiction in the State of Utah pursuant to UTAH

3

CODE ANN. § 78B-3-205(1), (2), (3) and has otherwise had continuous and systematic contact with the state of Utah, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2),(3).

## **GENERAL ALLEGATIONS**

9. Plaintiff Biosoft has developed and marketed skincare products under the "EXO SKIN" mark, expanding its presence in the market without incidents of confusion with Defendants' marks and was not aware of any alleged likelihood of confusion until receiving Defendants' recent allegations.

10. An actual controversy exists between the parties inasmuch as on September 27, 2024, Defendant Exotropin, through counsel, delivered to Plaintiff's counsel in Utah a cease-and-desist letter (attached as Exhibit A) alleging trademark infringement by Biosoft. The letter claims that Biosoft's use of "EXO SKIN" infringes Defendants' "EXO" family of marks, including registered marks for EXO SKIN SIMPLE, EXO FACE, and EXOCEUTICALS, and that Biosoft's use of the mark constitutes unfair competition under 15 U.S.C. §§ 1114 and 1125.

11. Defendant Exotropin's cease-and-desist letter demanded that Biosoft cease all use of "EXO SKIN" and any similar mark, whether in marketing, domain names, or social media, and that it recall products bearing the mark; demanded that Biosoft withdraw all current opposition proceedings (Opposition Nos. 91293937, 91293940, and 91293941 before the Trademark Trial and Appeal Board in the U.S. Patent and Trademark Office) and abandon all of its U.S. trademark applications for marks allegedly similar to Defendants' "EXO" marks; and demanded that Biosoft preserve all documents related to the "EXO SKIN" mark and subsequently destroy or withdraw all advertising and promotional materials bearing the mark; and expressly threatened legal action,

including claims for monetary damages, disgorgement of profits, and attorney fees, alongside threats of injunctive relief.

12.     Defendant Exotropin in its cease-and-desist letter dated September 27, 2024 to Plaintiff Biosoft demanded that Plaintiff Biosoft cease and desist all use of the EXO SKIN mark.

13.     Defendant Exotropin in its cease-and-desist letter dated September 27, 2024 to Plaintiff Biosoft threatened Plaintiff Biosoft with litigation by stating: "Unless we receive complete and immediate compliance with the demands set forth herein, we have been instructed to take all necessary steps to enforce our client's rights."

14.     Defendant will, unless restrained by this Court, continue to make threats and accusations to Plaintiff based on Plaintiff's use of the mark EXO SKIN.  Such threats are entirely improper, unsupported, and unenforceable by Defendants.

15.     Plaintiff has no adequate remedy at law and thus seeks the equitable declaratory relief requested herein.

## CLAIMS FOR DECLARATORY RELIEF

Plaintiff Biosoft seeks a declaratory judgment that:

A.     This Court declare that Plaintiff's use of the mark EXO SKIN on its products and in its advertising for such products is not actionable and does not constitute trademark infringement, false advertising, unfair competition, false designation of origin, or dilution under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, unfair competition under Utah Code Ann. § 13-5a-101, or any other violation of federal, state, or common law rights related to Plaintiffs' use of the EXO SKIN mark,

5

and that Defendants' demands lack merit due to distinct differences between the parties' goods and services, the marks, and the actual use of the marks in the marketplace, which minimize any likelihood of consumer confusion;

B. An injunction prohibiting Defendants from making further threats of litigation or taking legal action against Biosoft related to its use of the EXO SKIN mark;

C. An injunction ordering Defendants to cease and desist from any actions designed to interfere with Biosoft's lawful use of the EXO SKIN mark, including threats to Biosoft's business partners, distributors, or affiliates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Biosoft (Australia) Pty Ltd prays for relief as follows:

A declaratory judgment affirming that Biosoft's use of the EXO SKIN mark does not infringe Defendants' trademarks, nor does it constitute unfair competition, false designation of origin, or any violation of Defendants' rights under federal, state, or common law;

An injunction prohibiting Defendants from making further threats of litigation or initiating any legal action against Biosoft based on the unfounded allegations set forth in their cease-and-desist letter, and directing Defendants to cease and desist from any actions or threats that interfere with Biosoft's lawful use of the EXO SKIN mark, including interference with Biosoft's distributors, agents, and other business relationships;

An award of costs and attorney's fees to Biosoft in connection with this action and any further relief as the Court deems just and equitable.

DATED this 8th day of January, 2025.

Respectfully Submitted,

        /s/  Grant R. Clayton
Grant R. Clayton
Daniel J. Thomas
**CLAYTON HOWARTH, P.C.**
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335

Attorneys for Plaintiff
BIOSOFT (AUSTRALIA) PTY LTD.

C:\Users\Stacy\Clayton Howarth\Files - Documents\CHC Files\T13--\T136\T13656\1.A.1\Efile\2025-01-08\Biosoft Complaint for Declaratory Judgment.wpd

# Exhibit A



September 27, 2024
VIA EMAIL
gclayton@clayhow.com

Grant R. Clayton, Esq.
Clayton Howarth, P.C.
P.O. Box 1909
Sandy, Utah 84091

    Re:    Trademark Infringement – "EXO" Family of Trademarks
           M&M Ref.: 9841.80242

Dear Mr. Clayton:

      This law firm represents Exotropin, LLC ("Exotropin") in connection with intellectual property and unfair competition matters.

      We are in receipt of the Notices of Opposition filed by your client, Biosoft (Australia) Pty Ltd ("Biosoft"), against our client's applications for its EXO SKIN, EXO MEN, and EXO BODY marks, namely, Opposition Nos. 91293937, 91293940, and 91293941 (the "TTAB Proceedings"). For the reasons discussed further below, these oppositions are meritless and should be withdrawn immediately.

      As your client is likely aware, our client is the owner of an "EXO" family of marks, which have earned an excellent reputation among consumers and in the skin care industry. Among its well-known EXO family of marks," our client owns the EXO SKIN SIMPLE, EXO FACE, and EXOCEUTICALS marks (the "EXO Marks"), including U.S. Registration Nos. 5,571,168, 5,514,408, and 5,503,814 (the "EXO Registrations"). See Composite Exhibit A. The EXO Marks have been continuously used in commerce since at least as early as October, 2016 in connection with face lotions, facial moisturizers, and non-medicated skin care preparations.

      It has recently come to our attention through the allegations in the Notices of Opposition that Biosoft has begun selling competing products under the confusingly similar mark, EXO SKIN (the "Infringing Mark"), which incorporates the identical "EXO SKIN" portion of our client's EXO SKIN SIMPLE mark. Contrary to Biosoft's allegations, at a minimum, our client has clear priority to the marks subject to the oppositions, EXO SKIN, EXO MEN, and EXO BODY, by virtue of our client's prior incontestable EXO Registrations and prior use of the EXO Marks.

      Accordingly, it is this law firm's considered opinion that Biosoft's use of the Infringing Mark constitutes trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125 of the federal Lanham Act such that, if litigated, our client

September 27, 2024
Page 2

would be entitled to compensatory damages, including disgorgement of profits that can be trebled by the Court, injunctive relief, costs, and attorney's fees. Furthermore, Biosoft's use of the Infringing Mark will invariably trade on the valuable goodwill and reputation of our client and the goods associated with its well-known "EXO" family of marks.  In this regard, we note that substantial consumer confusion relative to the source of your goods vis-a-vis the source of our goods is to be expected.

Accordingly, demand is hereby made that Biosoft, its distributors, affiliates, agents, any persons supervising the day-to-day activities of the company, and all those acting in concert or participation with any of the foregoing:

1. Preserve all documents and electronically stored information related to this matter, including without limitation documents and electronically stored information pertaining to the activities that are the subject of this letter;

2. After preserving all documents, electronically stored information, and all other evidence related to this dispute:

   a. Refrain from using the Infringing Mark or any other confusingly similar variations of our client's EXO Marks and family of marks, whether as a trademark, service mark, trade name, business name, corporate name, fictitious name, domain name, product name, web page title, social media handle, storefront name, title tag, meta tag, advertising keyword, description, or in any manner whatsoever in connection with the manufacture, production, purchase, sale, offering for sale, distribution, advertising, publicizing, or identifying of any goods or services or businesses;

   b. Remove/withdraw any and all printed or electronic materials, advertisements, website displays, and any other items bearing the Infringing Mark or variations thereof, including without limitation all internet websites, social media posts/pages, and printed media; and

   c. Immediately contact Biosoft's distributors, agents or any other applicable third party and request that they immediately comply with the demands set forth in this letter;

3. Voluntarily dismiss with prejudice Opposition Nos. 91293937, 91293940, and 91293941; and

4. Abandon all trademark applications that seek to register "EXO SKIN" including but not limited to U.S. Applications Serial Nos. 98/496,121, 98/496,115, 98/496,126, 98/496,135, 98/496,142, 98/496,145, 98/496,147, 98/496,152, 98/496,155, as well as any other applications that seek to register any other confusingly similar variations of our client's EXO Marks and family of marks.

September 27, 2024
Page 3

      Our client views its intellectual property rights as one of its most vital assets which must be vigorously defended. Unless we receive complete and immediate compliance with the demands set forth herein, we have been instructed to take all necessary steps to enforce our client's rights.

      What further action to be taken will depend upon the nature of your client's reply, which we expect **on or before October 10, 2024**.

      This letter is not intended to be a complete statement of facts and is written without prejudice to any of our client's rights or remedies, all of which are expressly reserved.

      Sincerely,

      Meredith Frank Mendez
      *Partner*
      mmendez@malloylaw.com

      Reply to: Boca Raton Office

MFM/vab

Enclosure

# APPENDIX A



# EXO SKIN SIMPLE

**Reg. No. 5,571,168**  Exoceuticals, Inc. (NORTH CAROLINA CORPORATION)
Suite 100
**Registered Sep. 25, 2018**  3200 East Highway 54
Research Triangle Park, NORTH CAROLINA 27709

**Int. Cl.: 3**

CLASS 3: Face lotions; facial moisturizers; non-medicated skin care preparations

**Trademark**

FIRST USE 10-00-2016; IN COMMERCE 10-00-2016

**Principal Register**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SKIN"

SER. NO. 87-173,469, FILED 09-16-2016



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# EXO FACE

**Reg. No. 5,514,408**  Exoceuticals, Inc. (NORTH CAROLINA CORPORATION)
Suite 100
**Registered Jul. 10, 2018**  3200 East Highway 54
Research Triangle Park, NORTH CAROLINA 27709

**Int. Cl.: 3**

CLASS 3: Face lotions; facial moisturizers

**Trademark**

FIRST USE 10-00-2016; IN COMMERCE 10-00-2016

**Principal Register**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "FACE"

SER. NO. 87-159,910, FILED 09-02-2016



Director of the United States
Patent and Trademark Office



**United States of America**
*United States Patent and Trademark Office*

# EXOCEUTICALS

**Reg. No. 5,503,814**  Exoceuticals, Inc. (NORTH CAROLINA CORPORATION)
Suite 100
**Registered Jun. 26, 2018**  3200 East Highway 54
Research Triangle Park, NORTH CAROLINA 27709

**Int. Cl.: 3**
CLASS 3: Face lotions; facial moisturizers; non-medicated skin care preparations

**Trademark**  FIRST USE 10-00-2016; IN COMMERCE 10-00-2016

**Principal Register**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-173,476, FILED 09-16-2016



Director of the United States
Patent and Trademark Office